**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| Husan Smith, | : <br> : <br> : No. 12 CV 8944: <br> : |
| Plaintiff, | : |
| v. | : |
|  | : **COMPLAINT** |
| Audubon Financial Group, LLC d/b/a Audubon Financial Bureau; and DOES 1-10, : inclusive, | : <br> : |
| Defendant. | : |

For this Complaint, the Plaintiff, Husan Smith, by undersigned counsel, states as

follows:

## JURISDICTION

1.      This action arises out of the Defendants' repeated violations of, *inter alia,* the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions

of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to

collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that

the Defendants transact business in this District and a substantial portion of the acts

giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Husan Smith ("Plaintiff"), is an adult individual residing in

Carpentersville, Illinois, and is a "consumer" as the term is defined by 15 U.S.C. §

1

1692a(3).

5.      The Defendant, Audubon Financial Group, LLC d/b/a Audubon Financial

Bureau ("AFB"), is a New York business entity with an address of Suite 210

One John James Audubon Parkway, Amherst, New York, 14228, operating as a collection

agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by AFB

and whose identities are currently unknown to the Plaintiff. One or more of the Collectors

may be joined as parties once their identities are disclosed through discovery.

7.      Audubon at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to a creditor

(the "Creditor").

9.  The Debt arose from services provided by the Creditor which were primarily for

family, personal or household purposes and which meets the definition of a "debt" under

15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to AFB for collection, or AFB

was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in

"communications" as defined in 15 U.S.C. § 1692a(2).

### B. AFB Engages in Harassment and Abusive Tactics

## FACTS

12.     On or about August 16, 2012, AFB attempted to contact Plaintiff, who is disabled, via telephone several times in an attempt to collect said Debt.

13.     On said date, AFB threatened Plaintiff with federal fraud charges and attempted to intimidate Plaintiff by using the terms "federal" and "fraud" numerous times in said conversation.

14.     On said date, AFB threatened Plaintiff with imminent legal action against him, both civil and criminal.

15.     On said date, AFB communicated with Plaintiff's mother, Betty Smith, and father, Rick Smith, regarding said debt.

16.     On said date, AFB communicated with Plaintiff's parents wherein AFB threatened to charge Plaintiff with fraud.

17.     On said date, AFB communicated with Plaintiff's parents wherein AFB threatened to suspend or revoke Plaintiff's driver's license.

18.     On said date, AFB attempted to intimidate Plaintiff's parents by stating that AFB always prevails in court and any judgment against Plaintiff would be much higher than the amount allegedly owed.

19.     On said date, AFB communicated with Plaintiff's parents wherein AFB threatened to garnish Plaintiff's wages, despite that Plaintiff receives disability compensation.

20.     On said date, AFB misrepresented said debt to Plaintiff as a "judgment" with intent to intimidate Plaintiff.

21.     On said date, an AFB employee misrepresented himself to Plaintiff that he may be a "federal agent" with intent to intimidate Plaintiff.

C. **Plaintiff Suffered Actual Damages**

22.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

24.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

<u>**COUNT I**</u>
<u>**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.***</u>

20.      The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.      The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

22.      The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

23.      The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

24.      The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

25.      The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

26.      The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed

4

to inform the consumer that they are debt collectors and any information obtained will be used for the purpose of collecting a debt.

27.    The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants' collection activities and communication during the 30-day period overshadowed and/or were inconsistent with the disclosure of the Plaintiff's right to dispute the debt or request the name and address of the original creditor.

28.    The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

29.    The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

30.    The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

31.    The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

32.    The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

33.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

34.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

35.    The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants

continued collection efforts even though the Debt had not been validated.

36.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

37.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE ILLINOIS COLLECTION AGENCY ACT
## 225 ILCS 425/1, *et seq.*

38.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

39.     A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

29.      AFB, in the regular course of business, engages in debt collection and is a "collection agency" as defined by 225 ILCS 425/2.02.

30.     The Defendants' conduct violated 225 ILCS 425/9(a)(15)(D) in that Defendants caused a telephone to ring or engaged the Plaintiff in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass.

31.     The Defendants' conduct violated 225 ILCS 425/9(a)(17) in that Defendants disclosed or threatened to disclose information relating to the Plaintiff's indebtedness to any other person.

32.     The Defendants' conduct violated 225 ILCS 425/9(a)(21) in that Defendants failed to disclose to the Plaintiff or his or her family the legally authorized corporate, partnership or proprietary name, or other trade or business name, under which the debt collector is engaging in debt collections.

33.     The Defendants' conduct violated 225 ILCS 425/9(a)(20) in that Defendants attempted or threatened to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.

34.     The Defendants' conduct violated 225 ILCS 425/9(a)(27) in that Defendants represented that an existing debt may be increased by the addition of attorney's fees, investigation fees or any other fees or charges when such fees or charges may not legally be added to the existing debt.

35.     The Defendants' conduct violated 225 ILCS 425/9(a)(25) in that Defendants failed to disclose, at the time of making any demand for payment, the name of the person to whom the claim is owed and at the request of the Plaintiff, the address where payment is to be made and the address of the person to whom the claim is owed.

36.     The Defendants' conduct violated 225 ILCS 425/9(a)(15) in that Defendants communicated with the Plaintiff or any member of the Plaintiff's family at such a time of day or night and with such frequency as to constitute harassment of the Plaintiff or any member of the Plaintiff's family.

37.     The Defendants' conduct violated 225 ILCS 425/9(a)(19) in that Defendants engaged in any conduct which was intended to cause and did cause mental or physical illness to the Plaintiff or his or her family.

38.     The Defendants' conduct violated 225 ILCS 425/9(a)(31) in that Defendants engaged in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.

39.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Illinois Collections Agency Act, including every one of the above-cited provisions.

40.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT III
## VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT
## 815 ILCS 505, *et seq.*

41.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

38.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "unfair acts and practices" within the meaning of the Illinois Consumer Fraud Act, 815 ILCS 505/2.

39.     The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of 815 ILCS 505/2.

40.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

41.     By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

43.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

44.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Illinois.

45.     All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## COUNT V
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

45.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes...upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

47.     Illinois further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Illinois state law.

48.     The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with the above-referenced telephone calls.

49.     The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

50.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

51.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

52.     All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1.  Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages;

2.  Against each of the named the Defendants, awarding the Plaintiff statutory damages;

3.  Against the named Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees ;

4.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5.  Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

6.  Granting the Plaintiff such other and further relief as may be just and proper.

Dated: November 7, 2012


Respectfully submitted,

By /s/ J. Nicolas Albukerk
J. Nicolas Albukerk
Albukerk & Associates
1450 W. Randolph
Chicago, IL 60607

Telephone: 773-847-2600
IL ARDC: _____
Attorney for Plaintiff